**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

GERMAN LEYBINSKY,                    :
                                     :    Civil Action No. 09-1965 (GEB)
      Petitioner,            :
                                     :
      v.                     :    **OPINION**

U.S. DEPARTMENT OF                   :
HOMELAND SECURITY,
et al.,                              :

      Respondents.           :

**APPEARANCES:**

Petitioner *pro se*
German Leybinsky
Port Isabel Detention Center
29991 Buena Vista Road
Los Fresnos, TX 78566

**BROWN, JR.**, Chief Judge

    Petitioner German Leybinsky, an alien ordered removed, was confined at the Monmouth County Correctional Institution in Freehold, New Jersey, at the time he submitted for filing, to the Clerk of this Court, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1]  Petitioner neither pre-paid the filing fee

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation

nor submitted an application for leave to proceed in forma pauperis.  The named Respondents are the U.S. Department of Homeland Security and the U.S. [Bureau of] Immigration and Customs Enforcement.

I.  BACKGROUND

Petitioner contends that he is a stateless individual who cannot be removed to any other country, and that his indefinite detention in lieu of removal is unconstitutional.  See Zadvydas v. Davis, 533 U.S. 678 (2001).

On May 1, 2009, this Court entered an Opinion and Order [5] granting Petitioner leave to file an amended petition naming a proper respondent and an Order [4] directing Petitioner to pay the filing fee or submit an application for leave to proceed in forma pauperis within 30 days thereafter.  The Clerk of the Court served copies of these documents on Petitioner at the address he had provided the Court, at the Monmouth County Correctional Institution in Freehold, New Jersey.  On May 7, 2009, that mail was returned to the Clerk's Office, with the stamped notation "Return to Sender."  On May 12, 2009, the Clerk's Office received a letter from Petitioner providing a new address at the Port Isabel Detention Center in Los Fresnos, Texas.

---

of the Constitution or laws or treaties of the United States ... .

Petitioner's transfer requires this Court to consider whether it may exercise jurisdiction over this matter.

## II.   ANALYSIS

As noted above, the named Respondents in this matter are the U.S. Department of Homeland Security and the U.S. [Bureau of] Immigration and Customs Enforcement.  Neither is a proper respondent in this matter.

Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions."  See also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention").  Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]."  See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained. ... The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.").  Thus, the court issuing the writ must be able to exercise personal jurisdiction over the custodian of the petitioner.  See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95, 500 (1973).

"[T]hese provisions contemplate a proceeding against some person who has the <u>immediate</u> <u>custody</u> of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." <u>Wales v. Whitney</u>, 114 U.S. 564, 574 (1885) (emphasis added).[2]

> The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. ...
>
> In accord with the statutory language and <u>Wales</u>' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement - "core challenges" - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

---

[2] In this 1885 opinion, the Supreme Court referred to the precursors to the modern habeas statutes, which remain unchanged in all relevant substantive respects.

> Section 754, Rev. St., says the application for the writ must set forth 'in whose custody he [the petitioner] is detained, and by virtue of what claim or authority, if known;' section 755, that 'the writ must be directed to the person in whose custody the party is;' section 757, that this person shall certify to the court or justice before whom the writ is returnable, the true cause of the detention; and by section 758 he is required 'at the same time to bring the body of the party before the judge who granted the writ.'

<u>Wales v. Whitney</u>, 114 U.S. at 574.

Rumsfeld v. Padilla, 542 U.S. 426, 434-435 (2004) (citations omitted).[3]

> The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

Padilla, 542 U.S. at 446-47 (citations and footnote omitted).

In the context of alien detainees, directly applicable here, the Court of Appeals for the Third Circuit has held,

> It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action. This is because it is the warden that has day-to-day control over the prisoner and who can produce the actual body. That the district director has the power to release the detainees does not alter our conclusion. Otherwise, the Attorney General of the United States could be considered the custodian of every alien and prisoner in custody because ultimately she controls the district directors and the prisons.

Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994). See also Kholyavskiy v. Achim, 443 F.3d 946 (7th Cir. 2006) (citing Yi, and reaching same result, after Padilla).

---

[3] In Padilla, the Supreme Court also noted the open question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation. 542 U.S. at 435-36, n.8.

Thus, under the circumstances of this case, the warden of the Monmouth County Correctional Institution was, at the time the Petition was filed, an indispensable party respondent, for want of whose presence the Petition now must be dismissed. <u>Cf. Padilla</u>, 542 U.S. at 441 ("when the Government moves a habeas petitioner <u>after she properly files a petition naming her immediate custodian</u>, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release") (emphasis added); <u>Chavez-Rivas v. Olsen</u>, 194 F.Supp.2d 368 (D.N.J. 2002) (where an alien detainee properly files a habeas petition in the district where he is confined, naming the warden and the United States Attorney General among the respondents, and the government subsequently transfers the petitioner to a facility outside that district, the U.S. Attorney General may be deemed a "custodian" to allow the original district court to retain jurisdiction).

Here, Petitioner failed to name his immediate custodian as a respondent in the Petition. As Petitioner was transferred to a location outside this District before amending his Petition to name a proper respondent, the Petition will be dismissed without

prejudice to Petitioner's filing a new petition in the district of his confinement.[4]

### III.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.

                                        Garrett E. Brown, Jr.
                                        Chief Judge
                                        United States District Court

Dated: May 14, 2009

---

[4] Transfer under 28 U.S.C. §§ 1404(a) or 1631 is not appropriate, as this action could not have been brought, at the time it was filed, in the U.S. District Court for the Southern District of Texas, where Petitioner is now confined.